(95 Misc. Rep. 182)

KOMMEL et al. v. BISGYER.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. COURTS ⊗═189(15)—MUNICIPAL COURT—VACATION OF JUDGMENT—STATUTE.
    Under Municipal Court Code (Laws 1915, c. 279) § 129, subd. 1, touching
vacation of a judgment taken without service, the court may determine
the question of service by taking oral testimony offered by either party,
or may decide upon affidavits, having the right to decide the matter upon
affidavits.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec.
Dig. ⊗═189(15).]

2. COURTS ⊗═190(8)—MUNICIPAL COURT—VACATION OF JUDGMENTS—APPEAL.
    The Appellate Term, on appeal from an order of the Municipal Court
denying a motion to vacate a judgment on the ground that it was taken
without service of summons, where the affidavits are conflicting and
apparently of equal weight, may order an oral examination of witnesses
on the point at issue, if one was denied by the Municipal Court.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. ⊗═190(8).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Nathan A. Kommel and another against Emanuel Bisgyer.
From an order denying a motion to vacate judgment for plaintiffs,
and for the trial of issues raised by affidavits, defendant appeals.  Order affirmed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

E. Jacob Bisgyer, of New York City, for appellant.
Julius Fischer, of New York City, for respondents.

GUY, J.   The defendant herein, claiming never to have been served
with a summons in this action, obtained an order to show cause why
the judgment taken upon default should not be vacated.   This order
was based upon an affidavit, made by the defendant, to the effect that
he had never been served with the summons in this action, and had
no knowledge that a judgment had been taken against him until levy
was made under the execution.   The return day of the motion was set
for March 8, 1916.

On that day the plaintiffs presented the affidavit of the process
server, who swore to the service upon the defendant on December
30, 1915.   One of the plaintiffs made an affidavit in which he testified
that during the first week of January, 1916, the defendant called at
his place of business and "told me that he was surprised to see that
I had him served with a summons and complaint, that I knew very
well that he was good for the amount demanded in the complaint, and
asked that I give him time to pay the amount"; that at that time de-
fendant gave him several postdated checks for the amount due, all
of which were paid, except the last one, for $29, which had been re-
turned from the bank marked "Payment stopped," that after the return
of this check, so indorsed, he instructed his attorney to proceed under
the judgment.   In this statement he was corroborated by the affidavit
of his bookkeeper, who testified she was present at the interview be-

tween the plaintiff and the defendant, and heard what the defendant said.

The court thereupon denied the motion to vacate the judgment. It is recited in the order that the—

"motion made in open court that the testimony of the process server be taken, and that said process server identify the man whom he served with the summons herein, and that the testimony of the defendant herein be also taken as to such purported service, be and the same is hereby denied."

[1, 2] The appellant asks for a reversal, upon the ground that the court below erred in denying this motion and in refusing to permit a hearing upon the issue of service. Under the former Municipal Court Act, the only way of determining whether or not a defendant had been served with a summons was by a trial of the issue raised by a traverse of the return, and it could not be determined upon a motion alone, and that is the tenor of all the cases cited by the appellant in this case. That practice, however, has been changed by the Municipal Court Code. Section 129, subd. 1, provides that:

"Upon proof by affidavit or otherwise that a judgment has been taken or a final order made without service of summons or process, the judgment or final order must be vacated and set aside by the court in the district where it was entered."

It will be seen that the court below may now determine the question of service of process "by affidavit or otherwise," which means that the court may take oral testimony of the witnesses offered by either party, or it may decide the question upon affidavits. In a case where the affidavits are conflicting, and apparently of equal weight, an oral examination may be desirable, and the best method to determine the question, and no doubt this court could in such a case, upon appeal, order such a hearing to be had, if one was denied by the lower court; but the right to decide the matter upon affidavits is unquestionable, and there is no reason in this case for disturbing the decision.

Order affirmed, with $10 costs. All concur.